UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Freddie Garland, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

Orlans PC, Linda Orlans, and Alison Orlans,

    Defendants.

Case No. 2:18-cv-11561-DPH-RSW

Honorable Denise Page Hood
Magistrate Judge R. Steven Whalen

---

Andrew J. McGuinness, Esq.
Andrew J. McGuinness (P42074)
Suite 118
122 South Main Street
Ann Arbor, Michigan 48107
Telephone: (734) 274-9374
drewmcg@topclasslaw.com


Firebaugh & Andrews PLLC
Samuel G. Firebaugh (P34276)
38545 Ford Road
Suite 104
Westland, Michigan 48185
Telephone: (734) 722-2999
samuelgfirebaugh@hotmail.com

Attorneys for Plaintiff

Honigman Miller Schwartz and
   Cohn LLP
I. W. Winsten (P30528)
Bruce L. Segal (P36703)
Suite 2290
660 Woodward Avenue
Detroit, Michigan 48226
Telephone: (313) 465-7608
iwinsten@honigman.com
bsegal@honigman.com

Attorneys for Defendants

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO DIRECT THE PARTIES TO
PARTICIPATE IN RULE 26(f) CONFERENCE
and SUPPORTING BRIEF**

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DIRECT THE PARTIES TO PARTICIPATE IN RULE 26(f) CONFERENCE

Defendants, by their attorneys, Honigman Miller Schwartz and Cohn LLP, oppose Plaintiff's Motion to Direct the Parties to Participate in Rule 26(F) Conference for the reasons stated in the accompanying brief.

WHEREFORE, Defendants ask the Court to deny Plaintiff's Motion to Direct the Parties to Participate in Rule 26(f) Conference and to grant other relief as the Court deems proper.

September 21, 2018

                                      Honigman Miller Schwartz and Cohn LLP
                                      Attorneys for Defendants

                                      By:   /s/ Bruce L. Segal
                                                  I. W. Winsten (P30528)
                                                  Bruce L. Segal (P36703)
                                                  Suite 2290
                                                  660 Woodward Avenue
                                                  Detroit, Michigan 48226
                                                  Telephone: (313) 465-7608
                                                  iwinsten@honigman.com
                                                  bsegal@honigman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Freddie Garland, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

Orlans PC, Linda Orlans, and Alison Orlans,

    Defendants.

Case No. 2:18-cv-11561-DPH-RSW

Honorable Denise Page Hood
Magistrate Judge R. Steven Whalen

---

| | |
|---|---|
| Andrew J. McGuinness, Esq.<br>Andrew J. McGuinness (P42074)<br>Suite 118<br>122 South Main Street<br>Ann Arbor, Michigan 48107<br>Telephone: (734) 274-9374<br>drewmcg@topclasslaw.com<br><br>Firebaugh & Andrews PLLC<br>Samuel G. Firebaugh (P34276)<br>38545 Ford Road<br>Suite 104<br>Westland, Michigan 48185<br>Telephone: (734) 722-2999<br>samuelgfirebaugh@hotmail.com<br><br>Attorneys for Plaintiff | Honigman Miller Schwartz and Cohn LLP<br>I. W. Winsten (P30528)<br>Bruce L. Segal (P36703)<br>Suite 2290<br>660 Woodward Avenue<br>Detroit, Michigan 48226<br>Telephone: (313) 465-7608<br>iwinsten@honigman.com<br>bsegal@honigman.com<br><br>Attorneys for Defendants |

---

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO DIRECT THE PARTIES
TO PARTICIPATE IN RULE 26(f) CONFERENCE**

# TABLE OF CONTENTS

Concise Statement of Issues Presented ................................................................... ii

Controlling or Most Appropriate Authority ............................................................ iii

Argument ................................................................................................................. 1

Conclusion ............................................................................................................... 3

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether Plaintiff's Motion to Direct the Parties to Participate in Rule 26(f) Conference should be denied because:

1. Rule 26(f) does not require the parties to confer at this time – a scheduling conference has not yet been set and, under the Court's practice guidelines, it will not be set until after an answer to the complaint is filed; moreover, under the Federal Rules of Civil Procedure, an answer to the complaint is not due, if at all, until after the Court decides the pending Motion to Dismiss Plaintiff's Complaint under Rules 12(b)(1 and 12(b)(6).

2. Defendants' motion to dismiss is fully briefed and scheduled to be argued in less than two weeks, and it would be a needless waste of resources to hold a Rule 26(f) conference before the Court determines which, if any, of Plaintiff's claims will remain in the case.

3. Plaintiff has not identified any urgency or other reason to hold a Rule 26(f) conference before the Court decides the pending motion to dismiss.

4. The United States Supreme Court has granted a writ of *certiorari* to decide one of the controlling issues in this case – whether the Fair Debt Collection Practices Act applies to non-judicial foreclosure proceedings and, rather than accelerate these proceedings, as Plaintiff seeks to do, it would be most prudent and practicable to hold this proceeding in abeyance until the Supreme Court rules on this dispositive issue.

Defendants answer:  Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 12(a)(4)(A)

Fed. R. Civ. P. 26(f)

*Obduskey v. McCarthy & Holthus LLP*, No. 17-1307, 138 S. Ct. 2710 (June 28, 2018)

*Sims v. Sec'y of Health and Human Servs.*, No. 86-1791, 1988 WL 116873 (6th Cir. 1988)

## ARGUMENT

Defendants' motion to dismiss this action under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted is currently pending before the Court. The motion has been fully briefed and will be heard in less than two weeks – on October 3, 2018.

Nevertheless, Plaintiff Freddie Garland has moved to compel the parties to "promptly complete a Rule 26(f) conference." (Pl.'s Mot. at 4.) This, despite the fact that Rule 26(f) does not require a conference at this time, and despite the fact that he has identified no urgency to justify his unreasonable request.

Rule 26(f) requires a conference to be held as soon as practicable and in any event not less than 21 days before a scheduling conference is to be held. Here, a scheduling conference date has not yet been set, and, under the Court's practice guidelines, it will not be set until after an answer to the complaint is filed. Under Rule 12, an answer to the complaint will not be due, if at all, until after the Court decides the pending motion to dismiss Plaintiff's complaint. *See* Fed. R. Civ. P. 12(a)(4)(A).

Moreover, it is hardly practicable and would be a needless waste of resources to hold a Rule 26(f) conference before the Court determines which, if any, of Plaintiff's claims will remain in the case. This is particularly true here, where (1) the motion to dismiss is fully briefed and scheduled to be argued on October 3, 2018,

less than two weeks from today, (2) Plaintiff has identified no need for urgency, such as a risk of losing evidence, and (3) Plaintiff makes no effort to explain how the parties could efficiently address the issues listed in Rule 26(f)(2) before they know which, if any, of Plaintiff's claims remain in this case.

Finally, rather than unreasonably accelerating this case, it would actually be more prudent and practicable to hold the action in abeyance because the United States Supreme Court has granted a writ of *certiorari* to decide an issue that may be dispositive of Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim. Specifically, in *Obduskey v. McCarthy & Holthus LLP*, No. 17-1307, 138 S. Ct. 2710 (June 28, 2018), the Supreme Court will decide whether the FDCPA applies to non-judicial foreclosure proceedings, such as is at issue in this case. If the Supreme Court holds that the FDCPA does not apply to non-judicial foreclosure proceedings, Plaintiff's FDCPA claim, which is the sole legitimate basis of original federal court jurisdiction, must be dismissed as a matter of law.[1]

The petitioner's Supreme Court brief has already been filed and the respondent's brief is due on November 7, 2018. Therefore, rather than accelerate these proceedings, as Plaintiff seeks to do, it would be most prudent and practicable to hold this proceeding in abeyance until the Supreme Court rules on this dispositive

---

[1] A Supreme Court determination that the FDCPA does not apply to non-judicial foreclosures should also be dispositive of Plaintiff's similar claim under Michigan's Regulation of Collection Practices act ("RCPA").

2

issue. *See, e.g., Sims v. Sec'y of Health and Human Servs.*, No. 86-1791, 1988 WL 116873, at *1 (6th Cir. 1988)

## CONCLUSION

Plaintiff's Motion to Direct the Parties to Participate in Rule 26(F) Conference should be denied.

September 21, 2018                Honigman Miller Schwartz and Cohn, LLP
                                  Attorneys for Defendants

                                  By:    /s/ Bruce L. Segal
                                         I. W. Winsten (P30528)
                                         Bruce L. Segal (P36703)
                                         Suite 2290
                                         660 Woodward Avenue
                                         Detroit, Michigan 48226
                                         Telephone: (313) 465-7608
                                         iwinsten@honigman.com
                                         bsegal@honigman.com

3

## CERTIFICATE OF SERVICE

I certify that on September 21, 2018, I electronically filed the preceding paper with the Clerk of the Court using the ECF system, which will send notification of the filing to all ECF participants, and I certify that I have mailed the preceding paper by United States Postal Service to the following non-ECF participants: None.

        Honigman Miller Schwartz and Cohn, LLP
        Attorneys for Defendants

By:   /s/ Bruce L. Segal
       I. W. Winsten (P30528)
       Bruce L. Segal (P36703)
       Suite 2290
       660 Woodward Avenue
       Detroit, Michigan 48226
       Telephone: (313) 465-7608
       iwinsten@honigman.com
       bsegal@honigman.com

28734099.1