**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDDIE GARLAND, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

ORLANS PC, LINDA ORLANS,
and ALISON ORLANS,

    Defendants.
_____/

Civil Action No. 18-11561
HON. DENISE PAGE HOOD

### ORDER STAYING THIS CASE PENDING RULING BY THE U.S. SUPREME COURT IN *OBDUSKEY V. McCARTHY & HOLTHUS LLP*

On May 17, 2018, Plaintiff filed this proposed class action lawsuit, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Regulation of Collection Practices Act, M.C.L. § 445.251 *et seq.*, when they mailed one or more similar letters to Plaintiff and others. On July 18, 2018, Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). The Motion to Dismiss was fully briefed and set for a hearing on October 3, 2018. When reviewing Defendants' reply brief, the Court noted that Defendants argued that this case should be held in abeyance pending the U.S. Supreme Court's decision in *Obduskey v. McCarthy & Holthus LLP*, No. 17-1307, 138 S.Ct. 2710

(June 28, 2018). As Defendants asserted, the Supreme Court granted a writ of certiorari on the following question: "Whether the FDCPA applies to non-judicial foreclosure proceedings?" *Obduskey v. McCarthy & Holthus LLP*, 2018 WL 4348239, at *I (Brief for the Petitioner). Defendants argue that, if the Supreme Court determined that the FDCPA does not apply to non-judicial proceedings, Plaintiff's FDCPA claim (and the RCPA claim) must be dismissed. Based on Defendants' argument, the Court ordered the parties to submit limited briefs addressing whether this case should be stayed, and the parties timely filed those briefs.

The Court has reviewed the parties' pleadings, the Tenth Circuit's decision in *Obduskey v. McCarthy & Holthus*, 879 F.3d 1216 (10th Cir. 2018), the Sixth Circuit's decision in *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013), and the FDCPA. For the following reasons, the Court agrees with Defendants and orders that this case be held in abeyance pending the U.S. Supreme Court's decision in *Obduskey*.

First, the Court is persuaded that the FDCPA claim at issue is based upon a non-judicial mortgage foreclosure. Second, in *Obduskey*, the Tenth Circuit was presented with – and expressly rejected – an argument raised by the plaintiff that "relie[d] upon the Sixth Circuit's decision in *Glazer*" holding that a non-judicial mortgage foreclosure was covered under the FDCPA. *Obduskey*, 879 F.3d at 1221.

Those competing interpretations of the FDCPA *vis a vis* non-judicial mortgage foreclosures led to the U.S. Supreme Court granting a writ of certiorari on the issue.

Third, the Court finds that, if non-judicial mortgage foreclosures are not covered by the FDCPA, Plaintiff's FDCPA claim likely will fail as a matter of law. Fourth, if there is no potentially viable FDCPA claim before the Court, the Court would be stripped of federal subject matter jurisdiction and likely would exercise its discretion to decline supplemental jurisdiction over Plaintiff's RCPA claim. The RCPA claim is rooted in Michigan law but whether it applies to a non-judicial foreclosure has not been litigated in or decided by Michigan courts. For that reason, in the absence of federal subject matter jurisdiction, the Court believes that a determination of the RCPA's applicability to a non-judicial foreclosure would best be litigated in Michigan state courts.

Fifth, the U.S. Supreme Court likely will issue a ruling that provides certainty as to the viability – or non-viability – of the FDCPA claim in this case. Right now, it is not clear whether *Glazer* (the currently controlling law over this case) will be upheld or overruled, such that if the Court were to move forward, there is approximately a 50% chance that doing so will be for no purpose. The Court recognizes that if it declines to stay this case, the case will proceed without delay and the parties (and the Court) will expend significant resources before the Supreme

Court rules. The Court also recognizes that if it stays the case, the parties (and the Court) will not expend any resources but the case will not move forward in this Court. The Court concludes that any risks associated with staying the case in this Court (specifically, granting a delay that is rendered unnecessary because the Supreme Court follows *Glazer*) is greatly outweighed by the risks associated with moving forward with this case (specifically, requiring the parties and the Court to unnecessarily expend significant resources if the Supreme Court follows *Obduskey)*.

For all of those reasons, the Court finds that the interests of justice weigh in favor of staying the case pending the U.S. Supreme Court's ruling regarding the issue upon which it granted a writ of certiorari in *Obduskey*.

Accordingly, for the reasons set forth above,

IT IS ORDERED that this case is STAYED until the United States Supreme Court renders a decision in the matter of *Obduskey v. McCarthy & Holthus LLP*, No. 17-1307, 138 S.Ct. 2710 (June 28, 2018).

IT IS ORDERED.


Dated: November 21, 2018        S/Denise Page Hood
                                Denise Page Hood
                                Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2018, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager

4