IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| FREDDIE GARLAND, individually and on behalf of all others similarly situated, | Case No. 2:18-cv-11561 |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Exec. Mag. Judge R. Steven Whalen |
| ORLANS PC, et al., | |
| Defendants. | |

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S Main St, Suite 118
P O Box 7711
Ann Arbor, MI 48107
Phone: (734) 274-9374
drewmcg@topclasslaw.com

Samuel G. Firebaugh (P34276)
FIREBAUGH & ANDREWS PLLC
38545 Ford Rd, Ste 104
Westland, MI 48185
Phone: (734) 722-2999
samuelgfirebaugh@hotmail.com

*Counsel for Plaintiff and the Proposed Class*

I. W. Winsten (P30528)
Bruce L. Segal (P36703)
HONIGMAN MILLER SCHWARTZ AND
COHN LLP
660 Woodward Avenue, Suite 2290
Detroit, MI 48226
Phone: (313) 465-7608
iwinsten@honigman.com
bsegal@honigman.com

*Attorneys for Defendants*

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

## Introduction

Defendants' response is premised on a fallacy: that *Obduskey* has something to do with "federal subject matter jurisdiction" or "subject matter jurisdiction." It does not. Literally, that case has nothing whatsoever to say about jurisdiction.

By failing to show any relevance of *Obduskey* to the briefing and belated declaration that this Motion seeks to strike, Defendants effectively concede that they have no legitimate counterargument. The Motion should therefore be granted.

## Background

Plaintiff's Motion to Strike (ECF # 30) made five principal factual points:

1. The express terms of the Stipulated Order Lifting Stay and Establishing Supplemental Briefing Schedule ("Order") limited the parties to supplemental briefing regarding the impact of *Obduskey* on the pending dismissal motion (*id*. at 8 & Exh. A thereto);

2. After Plaintiff's counsel refused to strike language in the proposed stipulated order limiting the scope of supplemental briefing (*id*. at 8-9 & Exh. B), counsel for Defendants agreed to retain those restrictions (*id.* at 6);

3. *Obduskey* was not a class action, and in no way, shape or form addressed the Class Action Fairness Act (CAFA), a topic that was a principal subject of the parties' prior briefing (*ibid*.);

4. Defendants spent much of their Supplemental Brief, to which they attached a new declaration, developing a new CAFA argument (*id.* at 10); and

5. Plaintiff will be prejudiced if the Court does not grant this Motion.

Defendants' Response disputes none of these points. Instead, Defendants argue that the instant Motion is "baseless" because of things said in the order

granting their motion for a stay. As discussed below, this argument makes no sense.

## Argument

I. DEFENDANTS' RESPONSE DOES NOT DEMONSTRATE HOW *OBDUSKEY* RELATES TO THIS COURT'S ORIGINAL JURISDICTION UNDER CAFA.

The sole argument Defendants' advance to show that the challenged sections of their Supplemental Brief fall within the scope of the Order is:

> [T]he express language of the Court's Stay Order clearly recognized the potential impact of the *Obduskey* decision on "federal subject matter jurisdiction" and "supplemental jurisdiction over Plaintiffs RCPA claim." (Stay Order at 3.) The express language of the subsequently issued Briefing Order directs the parties "to address the impact on the motion [to dismiss] of the *Obduskey* decision. (Briefing Order 2-4.) Thus, Defendants' Supplemental Brief quite properly addresses the impact of *Obduskey* on the Court's subject matter jurisdiction.

(Def's Supp. Br. at 4.)

First, there is no question in this case—and certainly not any raised by *Obduskey*—concerning this Court's "federal subject matter jurisdiction" over the FDCPA claim. The FDCPA is a federal statute; accordingly, this Court has jurisdiction over that claim under 28 U.S.C. § 1331 ("federal question" jurisdiction). Moreover, the FDCPA contains its own jurisdictional provision, 15 U.S.C. § 1692k(d) ("[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."). Indeed, Defendants have never argued this Court

2

lacks "federal subject matter jurisdiction."

Second, *Obduskey* does not present any jurisdictional issue at all. Neither the district court, the Tenth Circuit, nor the Supreme Court questioned their respective jurisdictions. So even if there were a "federal subject matter jurisdiction" issue here, *Obduskey* could not inform that issue in any way, shape or form.

Third, *Obduskey* does not address supplemental jurisdiction of state law claims. That topic is not analyzed or even mentioned. Accordingly—beyond arguing that *Obduskey* means the FDCPA claim should be dismissed, and that such dismissal justifies declining to exercise supplemental jurisdiction over the RCPA claim under 28 U.S.C. § 1367 (an argument that merely amplifies one Defendants already made in their opening brief)—additional supplemental jurisdiction argument cannot address *Obduskey*'s impact.[1]

Fourth, even if *Obduskey* had something to say about "supplemental jurisdiction over Plaintiff's RCPA claim," CAFA jurisdiction is not supplemental jurisdiction. And *Obduskey* has nothing to say about CAFA since it was not even a class action. For this reason, *Obduskey* has nothing whatsoever to say about this

---

[1] More to the point, the Motion does not seek to strike Defendants' post-*Obduskey* argument regarding supplemental jurisdiction. *See* ECF # 30, Exh. C at 12-15 (not striking out argument II.D), even though Defendants acknowledged they had "already explain[ed]" this argument for seven pages in their opening brief. *Id*. at 12.

Court's jurisdiction of the RCPA claims under CAFA.[2]

Fifth, even if *Obduskey* had something to say about CAFA jurisdiction (it doesn't) the new argument Defendants seek belatedly to develop—based on the "home state exception," 28 U.S.C. § 1332(d)(4)(B)—is not jurisdictional. *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 388-89 (6th Cir. 2016); *Clark v. Lender Processing Servs.,* 562 F. App'x 460, 464-654 (6th Cir. 2014) (rejecting argument that district court should have remanded related stated law claim to state court after dismissing FDCPA claim, stating that CAFA's "local-controversy and home-state exceptions do not deprive a court of jurisdiction" and that these "exceptions are not jurisdictional"); *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533 (7th Cir. 2011) (Easterbrook, J.) ("We recognize that §1332(d)(4) does not itself diminish federal jurisdiction."). So even if *Obduskey* had opened the door to new "jurisdictional" arguments, Defendants' challenged CAFA argument and declaration cannot enter through that door.

In short, Defendants' argument is devoid of logic, and fails to tie the

---

[2] Defendants repeatedly point in their Response, ECF # 33, to the Court's prediction in its stay order that if the FDCPA claim were dismissed, it might decline to exercise § 1367 supplemental jurisdiction over the RCPA claim. But that prediction cannot justify more than an analysis of why Defendants think *Obduskey* mandates dismissal of the FDCPA claim. Defendants seek to capitalize on this Court's failure to recognize in its stay order that Plaintiff had pleaded a third, independent basis for jurisdiction—original jurisdiction under CAFA—which could not be resolved by *Obduskey*. Under the guise of an overly broad "jurisdiction" label, Defendants are now trying improperly to bootstrap an entirely new, unrelated CAFA home state exception argument that they failed to develop in their two opening briefs.

4

challenged material to *Obduskey* or to the Order.

> II. DEFENDANTS' RESPONSE FAILS TO REFUTE THAT THE PARTIES HAD ALREADY BRIEFED CAFA ISSUES, OR THAT DEFENDANTS' BREACH OF THE ORDER PREJUDICES PLAINTIFF.

As noted, CAFA jurisdiction was a focus of the first round of briefs. A short survey of those briefs underscores this point. Defendants recognized that to win the Dismissal Motion they must demonstrate that Plaintiff failed to allege the three CAFA predicates: (1) 100 class members; (2) "minimal" diversity, i.e., at least one class member whose citizenship differs from one of the Defendants; and (3) at least $5,000,000 in controversy. *See Roberts v. Mars Petcare US, Inc.,* 874 F.3d 953 (6th Cir. 2017).

Defendants chose to challenge elements (2) and (3) under Rule 12(b)(1). They argued that because the Complaint did not identify *by name* any of the tens of thousands of class members who, since 2012, had moved outside of Michigan, it failed to allege minimum diversity. (ECF # 7 at 9-11; argument I.A.)[3] But Defendants focused most of their CAFA jurisdictional

---

[3] As previously noted, this identical argument was rejected in *Martin v. Trott Law PC*, Case No. 2:15-cv-12838, slip op. at 3 (E.D. Mich. Sept. 22, 2017) (ECF # 16, Pg ID 1761 & Exh. A; emphasis in original) ("In order for the Court to conclude that the defendant should prevail in his factual assault on the premise of minimal diversity . . . the Court would have to accept the defendant's hypothesis that *not one of those 250,000 persons* has left the state over the span of six years. The defendant has not pointed to any credible information to support that counter-factual notion, which strains the boundaries of credibility and common sense.")

challenge on the third element, the amount-in-controversy requirement. They submitted with their opening brief a declaration attesting to a much smaller class size than the Complaint alleges. (ECF # 7-4, Exh. 3.)

Plaintiff responded by pointing out the evidentiary insufficiencies of that declaration (ECF # 15, Pg ID 1002-1003); supplied documentation from publicly-available records of at least 40,500 Orlans PC Foreclosure Letters sent during the class period (*id.* at Pg ID 1002 & 1-A), supporting a class size of 60,000 members; and cited Sixth Circuit Rule 12(b)(1) authority for the proposition that on a "factual challenge" to subject matter jurisdiction such as this one, Plaintiff must at a minimum be afforded an opportunity for adequate discovery of jurisdictional facts. (*Id.* at Pg ID 1004, citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986)).

Defendants returned to their lack of minimum diversity and amount-in-controversy arguments in their Reply. (ECF # 19 at 3-5; argument III.A.)

This recap gives context to Plaintiff's rejection of Defendants' attempt to remove from the Order scope limitation language that "makes explicit that the purpose of the supplemental briefing is . . . not an invitation to re-argue issues that have already been the subject of prior briefing and not affected by the *Obduskey* decision." (ECF # 30, PG Id 1954.) Because the parties had already extensively briefed CAFA jurisdiction, and because *Obduskey* has

6

nothing to do with that statute, Defendants have plainly violated the Order.[4]

Plaintiff used all 18 allotted pages of his supplemental brief to address the impact of *Obduskey*, as directed. (ECF # 35.) Unless this Court strikes the challenged material, Plaintiff will be denied the opportunity to brief Defendants' out-of-bounds home state exception argument, and thereby be prejudiced.[5]

In these circumstances, Plaintiff's Motion to Strike should be granted in full.

Dated:  May 28, 2019					Respectfully submitted,

*/s/ Andrew J. McGuinness*
Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S Main St, Suite 118
P O Box 7711
Ann Arbor, MI  48107
Phone: (734) 274-9374
drewmcg@topclasslaw.com

---

[4] Defendants correctly note that this is Plaintiff's second motion to strike. Def. Resp. at n.2. The implied argument? Blame the victim: how dare Plaintiff challenge Defendants' repeated violations of this Court's Civility Principles, its Rules, and its Orders! *Compare* ECF # 11, Pg ID 172 (noting Defendants' prior violation of this Court's Civility Principles, *with* Civility Principle 6—Attorney's Responsibility To Other Counsel—"We will adhere to all express promises and agreements with other counsel, whether oral or in writing . . . ." As demonstrated, counsel breached not just the Order but their express agreement to limit the scope of supplemental briefs.

[5] Beyond Defendants' misunderstanding of the home state exception as a jurisdictional limitation, additional errors include an attempt to shift the burden of proof regarding the exception to Plaintiff; the lack of "fit," irrelevance, and therefore inadmissibility—and overall insufficiency—of the tardy and untested declaration of Mr. Hall (which focused solely on Michigan residence, even though the class alleged here is a nationwide class, Cmplt. ¶ 92, and covers Defendants' alleged misconduct in at least 14 states); and other errors.

Samuel G. Firebaugh (P34276)
FIREBAUGH & ANDREWS PLLC
38545 Ford Rd, Ste 104
Westland, MI 48185
Phone: (734) 722-2999
samuelgfirebaugh@hotmail.com

*Counsel for Plaintiff and the Proposed Class*

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the above date a copy of the foregoing was filed with the Court using the ECF system, which will send notification of such filing to all parties who have appeared through their attorneys of record.

    */s/ Andrew J. McGuinness*
    Andrew J. McGuinness